Battle, J.
 

 The first question presented is, whether the testator’s widow, who is now the wife of the defendant Thos. Bennett, is entitled to any, and, if any, what interest in the legacy of the slaves bequeathed to her by the will, and which have been since redeemed as a mortgage by the mortgagor. The defendants, Bennett and wife, claim the full value of the slaves from the executor, but if that be not allowed, they claim the amount paid for their redemption. The question is new, and the counsel for the defendants says he has been unable to find any decision upon it. We think, however, that, upon principle, there can be no difficulty in it. Whatever interest the husband liad in the slaves, we think passed to his widow under the will, and we can see no reason why she should get more, to the disappointment of the other legatees. For the same reason, the trustee of Mary A. Kelly, is entitled to claim, for her. use, the money paid for the redemption of the slave given to her. The slave Dave ¡loses, of course, his freedom iutended for him, and no question is made about the amount paid to redeem him.
 

 2. The slaves who have been emancipated under the directions of the will, aré clearly entitled, each, to his or her hire from the death of the testator. They had a right to their freedom from that time, and arc not to be prejudiced by the delay of the executor in effecting their emancipation. They are also entitled to the residue of the five hundred dollars appropriated by the testator for removing them out of the State, after deducting one hundred dollars as the share intended for Dave, who loses his freedom because of his having been redeemed by the mortgagor.
 

 The residue of the proceeds of the slaves directed to be sold, is clearly a partial residue, (see
 
 McCorkle
 
 v. Sherrill, 6 Ire. Eq. 173,
 
 Pippin v.
 
 Ellison, 13 Ire. Rep. 61,
 
 Lowe
 
 v.
 
 Carter,
 
 2 Jones’ Eq. Rep. 377,) and does not embrace the money paid for the redemption of Dave, nor the one hundred dollars in
 
 *395
 
 tended b,y the testator to defray the expense of his removal from the State, had he been set free. The amount of these two sums are, therefore, undisposed of by the will, and must be distributed equally among his widow and children, who are his next of kin. Let a decree be drawn declaring the rights of the parties according to this opinion, and let an account be taken, if the parties desire it. The costs must be paid out of the estate.
 

 Per CuriaM, Decree accordingly.